IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Charles F. Pace, | ) | C/A No.: 1:13-1394-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Hemmi Mays, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the motion of Plaintiff to compel discovery responses from Defendant. [Entry #29]. Specifically, Plaintiff seeks to compel responses to Requests for Production Nos. 14, 23, 24, 25, 28, 29, and 30 ("RFPs"). *Id.* As an initial matter, it appears that Plaintiff's motion to compel is untimely. Under the court's Third and Final Scheduling Order, discovery ended in this case on July 31, 2014. [Entry #21]. Pursuant to Local Civ. Rule 37.01 (D.S.C.):

> Motions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due. If counsel are actively engaged in attempts to resolve the discovery dispute, they may agree to extend the time to comply with the discovery request so long as the extension does not place the due date beyond thirty (30) days before the deadline for completion of discovery as set by the scheduling order.

Here, even if Defendant provided the allegedly insufficient discovery responses on July 31, 2014, the last day of discovery, Plaintiff's motion to compel is untimely as it was filed on August 26, 2014, more than 21 days after receipt of the discovery. As the rule notes, the

parties are not authorized to consensually extend the deadline for complying with discovery, which in turn triggers the deadline for filing a motion to compel, beyond 30 days prior to the completion of discovery. *Id.* Therefore, Plaintiff's motion to compel is denied as untimely.

Even if the motion had been timely, the undersigned denies the motion to compel on its merits, because the RFPs are not relevant to a claim or defense in this case under Fed. R. Civ. P. 26(b)(1) or otherwise reasonably calculated to lead to the discovery of admissible evidence. All of the RFPs seek information about Defendant's use of force, or discipline for use of force, in incidents other than the incident at issue in the complaint. Plaintiff argues that such information is necessary to show that Defendant regularly used more force than was necessary and greater force than used by other correctional officers. However, even if true, such information does not show that Defendant used excessive force against Plaintiff in the incident described in the complaint. Therefore, because the RFPs request information that is not reasonably calculated to lead to the discovery of admissible evidence, and to which Plaintiff is not otherwise entitled, the undersigned denies Plaintiff's motion to compel.

Plaintiff's motion to stay the response for summary judgment [Entry #30] is denied as moot. Plaintiff's response to Defendant's motion for summary judgment [Entry #27] remains September 8, 2014.

IT IS SO ORDERED.

August 27, 2014
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge